Hillsborough-northern judicial district
No. 2009-275

IN THE MATTER OF AUDREY ZIKMANIS AND MARK PEABODY

Submitted: February 22, 2010
Opinion Issued: April 8, 2010

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Jennifer L. Parent* and *Jeanine M. Kilgallen* on the brief), for the petitioner.

Mark Peabody, *pro se*, filed no brief.

DUGGAN, J. The petitioner, Audrey Zikmanis (wife), appeals a recommendation of the Master (*Green*, M.) approved by the Superior Court (*Abramson*, J.) modifying the parties' child support obligation. She argues that the trial court erred in: (1) modifying a valid support order as a sanction for her conduct; and (2) modifying the support obligation retroactively and prospectively when no request for modification was pending, and without obtaining current financial affidavits or making requisite findings as to the parties' abilities to pay. We vacate and remand.

The record before us evidences the following facts. The parties were divorced in 1998; two children were born during the marriage. The Uniform Support Order issued at the time of the divorce required the respondent, Mark Peabody (husband), to pay $100 per month in child support. It further provided: "The health insurance available to the obligor is limited to Massachusetts. At the point that coverage is available in NH, he shall be required to provide such coverage." The decree also ordered the parties to evenly divide liability for the uninsured medical and dental expenses of the children.

In 2001, the trial court entered another Uniform Support Order, which it designated an enforcement order. The order again provided that the parties would each be liable for 50% of the children's uninsured medical expenses; it further found that health insurance was then only available for the husband in Massachusetts but noted that the husband had agreed to provide coverage at the point it became available.

The matter came before the trial court again in 2008 after the parties each filed petitions and motions that alleged violations of the parties'

divorce decree. The limited record before us indicates that the trial court was also asked to consider modifying the parties' respective parenting time with the children and enforcing the parties' liability for the children's accrued uninsured medical expenses.

After a hearing, the trial court found that, although the wife had violated a court order, the husband's request that she be found in contempt was moot. The trial court then considered the wife's request to be reimbursed for one-half of the children's uninsured medical expenses incurred in 2007 and 2008. The court found that the wife's actions "relative to the relationship between [the husband and the younger child] have been less than helpful, and in fact, contemptible," and further stated: "The Court, in looking at the child's best interest, cannot punish the child by switching custody or mandating parenting time that would be counterproductive to the child. The Court can, however, indicate that there may be certain financial consequences, and the fact that [the wife] has to pay all co-pays or uninsured expenses of $20 or less is one of those consequences."

■ We turn first to whether the order of the trial court was, as the wife contends, a modification of a preexisting support order. The record before us indicates that in 2001, the court issued a document entitled "Uniform Support Order" which provided that the parties were each to pay one half of the uninsured medical expenses of the children. Accordingly, any change in the obligations of the parties concerning uninsured medical expenses of the children constituted a modification of the 2001 support order.

■ The record before us indicates that the trial court's modification addressed expenses dating back to 2007, which predated the filing of the parties' motions and petitions for contempt. RSA 458-C:7, II (2004) specifically provides that modification of a child support obligation shall not be effective prior to the date that notice of the petition for modification has been given to respondent. RSA 461-A:14, VIII (Supp. 2009) further provides that no modification of a support order shall alter arrearages due prior to the date of filing the motion for modification.

■ Moreover, we find no evidence in the record before us that any motion for modification was filed by either party. Rather, it appears that the modification of the parties' child support obligations was ordered solely because of the wife's conduct. The wife argues that, because the sanction imposed modified the husband's child support obligation, the children were made chargeable for her conduct. We agree. We have previously observed that the "purpose of child support is to provide economic support for the *children*, not the obligee parent." *In the Matter of Carr & Edmunds*, 156 N.H. 498, 503 (2007). "Regardless of the parents' actions, the children

should not be deprived of the amount of support to which they are entitled." *Id.* It was therefore error for the trial court to reduce the child support obligations of the husband as a sanction for the wife's conduct. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.