10th Circuit Court — Brentwood Family Division
No. 2011-856

IN THE MATTER OF KIMBERLY J. NICHOLSON AND JOHN P. NICHOLSON

Argued: June 7, 2012
Opinion Issued: August 21, 2012

*Marshall Law Office PLLC*, of East Kingston (*Keri J. Marshall* on the brief, and *Brian D. Kenyon* orally), for the petitioner.

*Law Office of Leslie H. Johnson, PLLC*, of Center Sandwich (*Leslie H. Johnson* on the brief and orally), for the respondent.

CONBOY, J. This is an appeal from an order of the 10th Circuit Court — Brentwood Family Division (*Hurd*, J.) finding the respondent, John P. Nicholson (Father), to be $28,556, plus interest, in arrears on child support obligations to the petitioner, Kimberly J. Nicholson (Mother). We reverse and remand.

The following facts are drawn from the record. The Mother and the Father were married and had three children. The parties divorced in 2000, at which time all of their children were minors. The terms of the divorce were set out in the parties' permanent stipulation, which was approved and ordered by the court. The stipulation incorporates a "Uniform Support Order" (USO), and provides that the Father is to pay $244 per week in child support.

In April 2011, the Mother filed a motion for contempt arguing, among other things, that the Father had unilaterally reduced the amount of support when their oldest child graduated from high school in May 2007 and that he has paid no support at all since April 16, 2009. The Father objected and argued that the final decree entitled him to reduce his child support payments as each child became emancipated because the decree states that child support "shall continue until the children reach the age of 18 or graduates [*sic*] from high school, whichever shall last occur." He argued that "[t]he parties understood this to mean that the child support would be reduced by $82.00 as each child graduated from high school or reached age 18 years, whichever was later." The Father also argued that the petitioner had agreed to this reduction.

The court held a hearing on the matter and issued an order on August 30, 2011. The court noted that paragraph SO-4B of the Standing Order (SO) included with the USO states that "[t]he amount of child support shall be recalculated in accordance with the guidelines whenever there is a change in the number of children for whom support is ordered, effective the date of the change." The court observed that "at no time was there a recalculation of support . . . nor was there any agreement or pleading presented to the court requesting a reduction." It found, rather, that the Father had "reduced the amount paid by 1/3 as each child emancipated."

The court did not decide whether there was an agreement between the parties to reduce support payments. Instead, it concluded that even if there had been such an agreement, it would not be enforceable because, pursuant to *In the Matter of Laura & Scott*, 161 N.H. 333 (2010), parties may not modify child support orders through private agreement. The trial court found the Father to be in arrears, and calculated the amount due without

making adjustments for the emancipation of the two older children. It did acknowledge, however, that the Husband's support obligation terminated upon the emancipation of the youngest child on July 11, 2011.

On appeal, the Father argues that the trial court's calculation of the arrearage should have accounted for the two older children's emancipation even though neither party obtained an order reducing the child support obligation at any time.

■ We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law. *In the Matter of Scott & Pierce*, 160 N.H. 354, 358 (2010). At the outset, we agree with the trial court that any alleged agreement between the parties outside of the approved stipulation regarding child support payments is not enforceable. As we stated in *In the Matter of Laura & Scott*, 161 N.H. at 336, "the child support award is a standing order from the trial court. Parties may not modify orders of the court through private agreement."

This, however, does not end our analysis. The question here is whether the terms of the divorce decree and controlling statute mandate a retrospective recalculation of support.

■ At the time the parties divorced, RSA 458:35-c (1992) governed this situation. It has since been amended and recodified as RSA 461-A:14, IV (Supp. 2011). *See In the Matter of Johnson & Johnson*, 158 N.H. 555, 559 (2009). However, the amended version is not applicable here, for it "has prospective application only, and does not apply to post-enactment modifications of orders that were issued prior to the change in legislation." *Id.* Thus, the version of RSA 458:35-c in effect at the time of the parties' divorce is controlling. It provided, in relevant part:

> *Unless the court . . . specifies differently*, the amount of a child support obligation stated in the order for support shall remain as stated in the order until all dependent children for whom support is provided in the order shall terminate their high school education or reach the age of 18 years, whichever is later, or become married, or become a member of the armed forces, at which time the child support obligation terminates without further legal action. This amount shall remain as specified unless a legal order expressly allocates the payments on a per child basis.

(Emphasis added.) Thus, unless the court "specified differently," the amount of the support ordered would remain unchanged until *all* children were emancipated as described. Accordingly, we look to the terms of the final decree to determine whether the court "specified differently."

■ ■ In interpreting the meaning of a divorce decree, we review the decree *de novo*. *Sommers v. Sommers*, 143 N.H. 686, 692 (1999). We consider the intent of the parties as expressed in the language of the stipulation. *Id.* Paragraph SO-4A of the SO, incorporated in the stipulation, states:

> Child support shall terminate when the youngest child terminates his/her high school education or reaches the age of 18 years, whichever is later; gets married; or becomes a member of the armed forces.

Paragraph SO-3B states that "[e]xcept as otherwise provided in this order, the effective date of any modification shall be no earlier than the date the petition is filed." Paragraph SO-4B of the SO does "provide otherwise," for it instructs that "child support shall be recalculated in accordance with the guidelines whenever there is a change in the number of children for whom support is ordered, *effective the date of the change.*" (Emphasis added.) Thus, pursuant to the plain language of the SO, in calculating the support arrearage, the trial court was obligated to retrospectively recalculate child support as of the dates upon which each of the two older children became emancipated. That the parents failed to obtain a court order modifying the support obligation when each child's status changed is of no consequence; RSA 458:35-c permits the trial court's order to specify differently, and it did so.

Accordingly, we reverse the trial court's arrearage calculation and remand for a calculation of the arrearage consistent with this opinion.

*Reversed and remanded.*

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.