NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Brentwood Family Division
No. 2017-0133


IN THE MATTER OF WENDY S. WHITE AND MICHAEL L. WHITE

Argued: November 16, 2017
Opinion Issued: February 9, 2018


Marshall Law Office PLLC, of East Kingston (Keri J. Marshall on the brief), and Law Offices of Sharon J. Rondeau, of Exeter (Sharon J. Rondeau orally), for the petitioner.


Sullivan Law Office, of Salem (Leah Sullivan on the brief and orally), for the respondent.


LYNN, J. The petitioner, Wendy S. White (Mother), appeals an order of the Circuit Court (LeFrancois, J.) finding that the respondent, Michael L. White (Father), was entitled to a retroactive modification of his support obligation based upon the emancipation of the parties' older child. We reverse and remand.

The following facts are drawn from the record. The Mother and the Father were married and had two children. They divorced in 2003, at which time their children were minors. The terms of the divorce were set out in the parties' permanent stipulation, which was approved by the court. The stipulation provided that the Father was to pay child support for the two

children, and incorporated a "Uniform Support Order" (USO) that required him to pay $1,314 per month. In February 2010, the court issued a new USO (2010 USO) modifying the Father's child support obligation so that he was required to pay $390 every two weeks.

In June 2014, the parties' older child became emancipated upon graduation from high school. In 2016, the Father petitioned for "a three year review" of the 2010 USO. Specifically, he sought to "[m]odify" his child support obligation based upon the emancipation of the parties' older child and to have that modification be made retroactive to July 1, 2014. The Mother argued that there had been no substantial financial change warranting a change in the Father's support obligation. She further contended that any change could be made retroactive only to the date of service of the Father's petition in August 2016.

Following a hearing, the trial court issued an order in February 2017 ruling that, pursuant to RSA 461-A:14, IV, "modification [was] required to be made as of the date of emancipation [of the parties' older child], which in this case means the modification should take place as of August 2014." The court found that the statute "requires termination of the child support [for the older child] without further legal action" and, therefore, that "there can be no arrearages accrued in connection with child support calculated for [the child] after July 2014 because no further child support for [the parties' child] could be ordered after July 2014." As a result, the court recalculated the Father's child support obligation "from July 2014 through December 2016, using the income and expenses in effect at that time based on one minor child . . . rather than two." Based upon this recalculation, the court reduced the total amount of arrearages owed by the Father dating back to July 2014. The court also issued a new USO based upon the three-year review as requested by the Father, which reduced his child support obligation to $500 per month. This appeal followed.

We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law. In the Matter of Nicholson & Nicholson, 164 N.H. 105, 107 (2012). "The party challenging the court's order has the burden of showing that the order was improper and unfair." In the Matter of Johnson & Johnson, 158 N.H. 555, 558 (2009) (quotation omitted).

On appeal, the Mother argues that the trial court "erred as a matter of law in retroactively modifying the [Father's] child support obligation in a manner that altered the accrued child support arrearage," contrary to RSA 461-A:14, VIII and RSA 458-C:7, II. The Father counters that RSA 461-A:14, VIII and RSA 458-C:7, II do not apply because the court did not modify his child support obligation. Rather, he maintains that, pursuant to RSA 461-A:14, IV, when the parties' older child became emancipated in July 2014, his

2

support obligation for that child terminated without further legal action and, therefore, the court merely recalculated the amount of arrearages based upon the date of termination.

We turn first to the Father's argument that, pursuant to RSA 461-A:14, IV, his support obligation terminated without further legal action upon the emancipation of the parties' older child. Resolution of this argument requires us to engage in statutory interpretation, and, therefore, our review is de novo. See In the Matter of Doherty & Doherty, 168 N.H. 694, 697 (2016). We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. Id. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." In the Matter of State of N.H. & Louder, 166 N.H. 353, 355 (2014) (quotation omitted). We interpret legislative intent from the statute as written, and we will not consider what the legislature might have said or add words that the legislature did not include. In the Matter of Doherty & Doherty, 168 N.H. at 697. "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." In the Matter of State of N.H. & Louder, 166 N.H. at 355 (quotation omitted). "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole." Id. (quotation omitted).

Because the trial court applied the current version of RSA 461-A:14, IV, and the parties do not argue otherwise on appeal, for purposes of this appeal, we assume that the current version of the statute applies. RSA 461-A:14, IV (Supp. 2017) provides, in pertinent part:

> The amount of a child support obligation shall remain as stated in the order until the dependent child for whom support is ordered completes his or her high school education or reaches the age of 18 years, whichever is later, . . . at which time the child support obligation . . . terminates without further legal action.

RSA 461-A:14, IV-a (Supp. 2017) further provides:

> If the order establishes a support obligation for more than one child, and if the court can determine that within the next 3 years support will terminate for one of the children as provided in paragraph IV, the amount of the new child support obligation for the remaining children may be stated in the order and shall take effect on the date or event specified without further legal action. Termination of support for any one of the children under paragraph IV is a substantial change of circumstances for purposes of modification of the child support order under RSA 458-C:7.

3

RSA 461-A:14, IV allows for the termination of a child support obligation for a dependent child under the enumerated circumstances "without further legal action." RSA 461-A:14, IV. Under RSA 461-A:14, IV-a, when an order establishes a support obligation for more than one child, and the court can determine that support will terminate within the next three years for one of the children pursuant to one of the enumerated circumstances in paragraph IV, the court may specify in the order the amount of the new child support obligation for the remaining children. RSA 461-A:14, IV-a. In such a case, the amount of the new support obligation "shall take effect on the date or event specified without further legal action." Id. Moreover, "[t]ermination of support for any one of the children under paragraph IV is a substantial change of circumstances for purposes of modification of the child support order under RSA 458-C:7." Id. When read together, we conclude that when an order establishes a support obligation for one child, RSA 461-A:14, IV allows for the termination of that support obligation under the enumerated circumstances "without further legal action." RSA 461-A:14, IV. On the other hand, when an order establishes a support obligation for more than one child, but does not specify the amount of a new child support obligation for the remaining unemancipated children upon the termination of a support obligation for one of the children, a parent must apply to the court for modification of such order. RSA 461-A:14, IV-a; see also RSA 458-C:7, I(a) (Supp. 2017) (authorizing an obligor or obligee to apply to the court for modification of an existing support order "at any time" that there has been a "substantial change of circumstances" or "3 years after the entry of the last order for support, without the need to show a substantial change of circumstances").

To interpret RSA 461-A:14, IV as suggested by the Father would nullify the provisions of RSA 461-A:14, IV-a. This we will not do. See State v. Maxfield, 167 N.H. 677, 683 (2015) ("We will construe statutes so as to effectuate their evident purpose and will not apply a construction that nullifies, to an appreciable extent, that purpose." (quotation omitted)). Indeed, when an order establishes a child support obligation for more than one child, it makes sense to require the court to specify the new support obligation amount for the remaining children when support is terminated as to one of the children because the support obligation is not based solely upon the number of children, but based upon an application of the child support guidelines and any special circumstances raised by the parties or by the court. See RSA 458-C:3-:5 (Supp. 2017); see also In the Matter of Nicholson & Nicholson, 164 N.H. at 107 ("[T]he child support award is a standing order from the trial court. Parties may not modify orders of the court through private agreement." (quotation omitted)).

Here, the 2010 USO required the Father to pay child support for both of the parties' children, thereby establishing a support obligation for more than one child. It did not, however, specify a new child support obligation upon termination of the support obligation for the parties' older child. Thus, the

4

amount of the Father's support obligation did not change "without further legal action" upon the older child's emancipation.  See RSA 461-A:14, IV.  Rather, the Father was required to apply to the court for modification of the 2010 USO.  See RSA 461-A:14, IV-a; RSA 458-C:7, I(a).  In 2016, he did just that.

We now turn to whether the 2017 order of the trial court was, as the Mother suggests, a modification of the 2010 USO.  RSA 461-A:14, VIII (Supp. 2017) provides that "[n]o modification of a support order shall alter any arrearages due prior to the date of filing the motion for modification."  RSA 458-C:7, II (Supp. 2017) provides, in relevant part, that "[a]ny child support modification shall not be effective prior to the date that notice of the petition for modification has been given to the respondent."  We have held that, pursuant to this provision, the trial court lacks discretion to modify any child support order beyond the date of notice to the other party.  See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 58 (2006).

The record before us reveals that the 2010 USO ordered the Father to pay $390 every two weeks in child support for the parties' two children.  In its 2017 order, the trial court "calculated a new child support" amount and thereby ordered the Father to pay the Mother $500 per month.  We conclude that the court's 2017 order constituted a modification of child support and, therefore, that the court erred in altering the arrearages owed prior to the date of filing the petition for modification.  See RSA 461-A:14, VIII; RSA 458-C:7, II; see also In the Matter of Zikmanis & Peabody, 160 N.H. 82, 84 (2010).

Relying upon In the Matter of Nicholson & Nicholson, the Father contends that the language of paragraphs SO-3B and SO-4A of the 2010 USO standing order allowed for the recalculation of his support obligation retroactive to the date of the parties' older son's emancipation and, therefore, "there was no modification of child support as addressed in" RSA 458-C:7, II.  Nicholson, however, is distinguishable.

In Nicholson, we examined whether the terms of the divorce decree and the controlling statute mandated a retrospective recalculation of support based upon the emancipation of the parties' two oldest children.  In the Matter of Nicholson & Nicholson, 164 N.H. at 107.  The controlling statute, former RSA 458:35-c (1992), provided that "[u]nless the court specifies differently," the amount of the support ordered at the time the parties divorced would remain unchanged until all children were emancipated.  Id. (quotation, emphasis, and ellipsis omitted).  We, therefore, looked to the terms of the final divorce decree to determine whether the court "specified differently."  Id. (quotation omitted).

Paragraph SO-4A of the standing order, incorporated into the parties' stipulation, stated that "[c]hild support shall terminate when the youngest child terminates his/her high school education or reaches the age of 18 years, whichever is later; gets married; or becomes a member of the armed forces."

Id. at 108 (quotation omitted). Paragraph SO-3B provided that "except as otherwise provided in this order, the effective date of any modification shall be no earlier than the date the petition is filed." Id. (quotation and brackets omitted). Because paragraph SO-4B did provide otherwise, in that it instructed that "child support shall be recalculated in accordance with the guidelines whenever there is a change in the number of children for whom support is ordered, effective the date of the change," we concluded that the trial court was obligated to retrospectively recalculate child support as of the dates upon which each of the two older children became emancipated. Id. (quotation omitted).

Here, paragraph SO-3B of the 2010 USO standing order stated, in relevant part, that "[e]xcept as otherwise provided, the effective date of any modification shall be no earlier than the date of notice to the other party." Paragraph SO-4A provided that "[a]n obligation for child support terminates when a child terminates his/her high school education or reaches the age of 18 years, whichever is later." Paragraph SO-4B further provided that "[t]he amount of child support may be recalculated according to the guidelines whenever there is a change in the number of children for whom support is ordered, upon petition by any party." (Emphasis added.) Unlike Nicholson where the amount of child support could be recalculated "effective the date of the change," In the Matter of Nicholson & Nicholson, 164 N.H. at 108 (quotation and emphasis omitted), in this case, the amount of support may be recalculated only "upon petition by any party." Thus, Nicholson does not provide support for retroactively modifying the Father's support obligation to the date the older child became emancipated. Rather, in this case, pursuant to the 2010 USO, RSA 461-A:14, IV-a, and RSA 458-C:7, the 2010 USO remained in effect until the Father petitioned the court for modification, at which time the court could modify his support obligation based upon the older child's emancipation. See RSA 461-A:14, IV-a; RSA 458-C:7. However, the court could not "alter any arrearages due prior to the date of filing the motion for modification." RSA 461-A:14, VIII.

For these reasons, we conclude that the trial court erred by retroactively modifying the Father's support obligation and thereby reducing the total amount of arrearages owed by the Father dating back to July 2014.

Reversed and remanded.

DALIANIS, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

6