# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0130, <u>In the Matter of Sandra Matarozzo and James Matarozzo</u>, the court on March 6, 2018, issued the following order:**

Having considered the briefs and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case.  See Sup. Ct. R. 18(1).  The respondent, James Matarozzo (father), appeals an order of the Circuit Court (<u>Garner</u>, J.) granting a motion for contempt filed by the petitioner, Sandra Carleton f/k/a Sandra Matarozzo (mother).  We issued an order on November 8, 2017, affirming the circuit court's order.  On November 16, 2017, we withdrew our order and held resolution of this case in abeyance pending a decision in case no. 2017-0133, <u>In the Matter of Wendy S. White and Michael L. White</u>.  We issued the mandate in <u>White</u> on February 23, 2018.  We now affirm.

The father contends that the trial court erred by not finding that:  (1) his alleged agreement with the mother to reduce his child support payments was effective; and (2) the mother was estopped from denying the existence of that agreement.

We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law.  <u>In the Matter of Nicholson & Nicholson</u>, 164 N.H. 105, 107 (2012).

We first address the father's contention that the court erred by failing to find that there was an implied agreement between the parties to reduce the father's child support payments upon the emancipation of their eldest child.  He maintains that a contract may be modified by agreement and, here, the parties impliedly modified his child support obligation.

Any agreement between parties to reduce court-ordered child support payments, absent a court order approving the agreement, is not enforceable.  See <u>id</u>.; <u>see</u> <u>also</u> <u>In the Matter of LaRocque & LaRocque</u>, 164 N.H. 148, 151 (2012).  A "child support award is a standing order from the trial court."  <u>In the Matter of Nicholson & Nicholson</u>, 164 N.H. at 107 (quotation omitted).  "Parties may not modify orders of the court through private agreement."  <u>In the Matter of Laura & Scott</u>, 161 N.H. 333, 336 (2010).

Moreover, in this case, the standing order to the parties' 2010 Uniform Support Order stated that "[t]he amount of child support may be recalculated according to the guidelines whenever there is a change in the number of children for whom support is ordered, upon petition of any party." Thus, the father was on notice that he was required to petition the trial court to have his child support obligation reduced upon the emancipation of his eldest child.

The father contends that the reduced support that he paid exceeded the guidelines for support due for the remaining child. However, this does not defeat the requirement that any change in a court order must be made by the court. See id. We further disagree with the father's characterization of the requirement of judicial approval of any change in a court order as "a mere formality." See In the Matter of Mortner & Mortner, 168 N.H. 424, 429 (2015) (stating judicial review of divorce stipulation is not "mere formality" (quotation omitted)). Rather, judicial review is intended to ensure that the agreement is fair and reasonable to all, including the children. See In the Matter of Laura & Scott, 161 N.H. at 337 (stating that "judicial approval of all child support agreements is necessary to prevent collusion between the parties and situations in which one party puts undue pressure on the other"); cf. In the Matter of Mortner & Mortner, 168 N.H. at 429 (stating that, in divorce proceeding, trial court has duty to both parties and all citizens to ensure that a stipulation is fair and reasonable). Accordingly, we conclude that the trial court sustainably exercised its discretion by ruling that any private agreement between the parties had no effect upon the arrearages due under the support order.

For similar reasons, we disagree with the father's contention that the trial court erred by failing to find that, based upon the parties' agreement, the mother was equitably estopped from petitioning for arrearages based upon the full amount of child support ordered. As we explained, even if the mother had agreed to modify the father's support obligation, such an agreement would be unenforceable absent court approval. See In the Matter of LaRocque & LaRocque, 164 N.H. at 151. Furthermore, the purpose of child support is to provide economic support for the children. In the Matter of Carr & Edmunds, 156 N.H. 498, 503 (2007). Regardless of the parents' actions, the children should not be deprived of the amount of support to which they are entitled. Id. Thus, we have said that equitable estoppel cannot apply to prevent a court from awarding the proper amount of child support, particularly where the legislature has explicitly permitted parents de novo review of existing support obligations. Id.; see RSA 458-C:7, I (Supp. 2017). Accordingly, the doctrine of equitable estoppel does not apply. See In the Matter of Carr & Edmunds, 156 N.H. at 503.

2

Finally, the remaining issues the father raised in his notice of appeal, but did not brief, are deemed waived.  See In the Matter of Kempton & Kempton, 167 N.H. 785, 804 (2015).

Affirmed.

DALIANIS, C.J., and LYNN, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,**
**Clerk**