# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0635, <u>In the Matter of Crystal DeAngelo and Aaron DeAngelo</u>, the court on July 13, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Crystal DeAngelo (wife), appeals orders recommended by a Hearing Officer (Sheri E. Colligan, Esq.) and approved by the Circuit Court (<u>Leonard</u> and <u>Sadler</u>, JJ.), modifying a 2011 uniform support order based upon the passage of more than three years. <u>See</u> RSA 458-C:7 (Supp. 2017). The trial court declined to order the respondent, Aaron DeAngelo (husband), to reimburse the wife for insurance premiums that she had paid to procure health and dental coverage for the parties' child. She argues that, by not requiring the husband to reimburse her for the premiums, the trial court retroactively modified the support order so as to eliminate an "arrearage" in violation of RSA 461-A:14, VIII (Supp. 2017) and RSA 458-C:7, II, and failed to give "full faith and credit" to a "judgment" for purposes of RSA 461-A:14, VI (Supp. 2017).

"We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law." <u>In the Matter of White & White</u>, 170 N.H. ___, ___, 181 A.3d 239, 241 (2018). "The party challenging the court's order has the burden of showing that the order was improper and unfair." <u>Id</u>. (quotation omitted).

Under a provision of the parties' 2011 divorce decree labeled, "Health Insurance for Spouse/Child," the husband was "responsible for maintaining health insurance and for paying his own uninsured medical, dental or related expenses." Other than providing that the parties were "equally responsible for paying [the child's uninsured medical] expenses," including dental expenses, the decree was silent as to any obligation to provide dental insurance. Paragraph 16A of the support order required the husband "to provide private health insurance coverage for the [child] effective _____." The blank space following this sentence on the preprinted form was filled in with the words, "in place," indicating that the husband had health coverage at that time. Apparently inconsistent with this provision, however, in paragraph 21 of the support order form, which provided a space to articulate any variation to the standing orders or additional agreements or orders, the order stated: "16A.

[The child] is covered under New Hampshire Healthy Kids. The parties shall equally share the cost of her coverage."

At some point after the divorce, the husband lost his health insurance, and the wife began purchasing for the child both private health coverage through Anthem BlueCross Blue Shield and dental coverage through Delta Dental. In June 2013, the mother filed a motion for contempt raising a myriad of issues, including the husband's failure to pay uninsured health care costs, but not his failure to provide health coverage. The husband separately moved to modify the decree so as to remove his obligation to provide health insurance. More than a year later, on July 17, 2014, the trial court issued an order ruling on both motions (2014 order). With respect to contempt, the 2014 order stated:

> [The husband] shall pay the [wife] within 30 days from the date of the Notice of Decision all past due [uninsured] medical expenses owed by him. The existing [uniform support order] provides the parties shall share the cost of the coverage under New Hampshire Healthy Kids for [the child]. It is not clear how or when the decision was made to switch [the child] to Anthem Health or how decisions were made on dental insurance. [The husband] is not required to reimburse [the wife] for the medical/dental insurance premiums pending further hearing on the issue of medical and dental insurance coverage for both [the child] and [the wife]. He shall pay the uninsured medical/dental expenses to [the wife] at the rate of $200.00 per month. (Currently calculated at $585.20)

With respect to the motion to modify the decree, the 2014 order provided:

> Insurance – [a]s set forth above a hearing will be scheduled to address the issue of medical/dental insurance coverage for [the child] and [the wife]. Thirty (30) days prior to the hearing [the husband] will provide [the wife] with documentation of during which periods of time since the Divorce Decree he has medical and dental insurance, what coverage he currently has through his employer and the costs for such coverage and what periods of time [if] any, he did not provide medical and dental insurance coverage for either [the child] or [the wife].

The record does not reflect that the wife appealed this order. Nor does it reflect that the court scheduled the hearing contemplated by the order to address health and dental coverage. In April 2015, following a hearing on several more motions filed by the wife, the trial court issued an order stating:

2

> Proof of health and dental insurance for the benefit of the minor child is to be provided in ten days of the date of this Decree to counsel. If coverage continues to be an issue, it will be addressed initially in Mediation. If not satisfactorily resolved there, the Court will hold Further Hearing on this issue. The following information is to be provided to counsel for [the wife]: during what periods of time did [the husband] have medical/dental coverage; what coverage does he currently have through his employer; what is the cost of that coverage; and what period of time did he not have medical/dental coverage for [the child] or [the wife]. It is the Court's understanding that at the Hearing on January 26, 2015, [the husband] stated that he currently did have health insurance coverage.

Although there was a subsequent mediation scheduled in May 2015, the husband did not attend. Thereafter, the wife filed a motion "for further hearing," requesting that the husband be ordered to reimburse her $5,540 in health insurance premiums. Following a hearing, the trial court issued an order in October 2015, finding that the husband had not complied with its prior orders to produce financial information, and appointing a commissioner, at the husband's expense, "to obtain and distribute the documents previously ordered." The trial court did not address the wife's request to be reimbursed her insurance premiums.

In August 2016, following a show cause hearing, the trial court issued an order noting that the husband, now represented by counsel, had been working with his counsel to produce outstanding discovery, but that he still had outstanding discovery obligations. The trial court ordered the husband to produce all outstanding discovery or advise the wife that such discovery did not exist within thirty days, ordered the parties to attempt to resolve any outstanding issues within sixty days and file a status report to the extent they were unable to resolve such issues, and discharged the commissioner.

In December 2016, the wife filed a motion "to apprise and for hearing," asserting that the husband had unfulfilled discovery obligations, and requesting that the court schedule a final hearing "to allow [her] to argue her increase in support (support has not been amended since at least November 8, 2011)," and to "[p]ermit [her] to argue that the [husband] should be obligated to pay all costs of insurance for the child." Concurrently, she filed an "expedited motion for modification of support" in which she asserted that her employment was being terminated, that she had been paying for health and dental insurance, and that these circumstances warranted a modification of child support, and requested that the husband be ordered to pay increased child support and "resume responsibility . . . for health and dental insurance." The trial court granted the request that the wife be allowed "to argue that the [husband] should be obligated to pay all costs of insurance for the child,"

3

ordered the wife to file a proposed uniform support order and the parties to file updated financial affidavits, and scheduled a hearing before a hearing officer.

At the outset of the hearing, the hearing officer explained that the trial judge had "referred the issue of child support to" her. The parties generally agreed to recalculate the husband's child support obligation based upon the child support guidelines and the parties' financial affidavits. Additionally, they agreed that the husband did "not have a support arrearage," and that he owed, at that time, $100.78 for uninsured medical expenses. They disagreed, however, as to the husband's obligation to reimburse the wife for health and dental insurance premiums. The wife claimed that the husband was obligated to maintain both health and dental insurance under the terms of the decree, that he had not been fulfilling that obligation, that she had "filed a number of motions and that issue ha[d] not been specifically resolved as far as a contempt issue, but [that] for today's purpose [she had] indicated the amount that she pays" for insurance, which she "attributed . . . to" the husband. She requested that the uniform support order include a "medical arrearage" of $13,297.15 for prior health and dental insurance premiums that she had paid since 2012. The husband countered that, under the 2014 order, he was relieved of any obligation to pay insurance premiums.

The trial court issued a uniform support order, modifying the husband's child support obligation pursuant to the child support guidelines based upon the passage of three years, see RSA 458-C:7, and finding that neither party had health insurance available in an amount less than the party's medical support reasonable cost obligation. The court checked the box in paragraph 16A of the uniform support order form stating that the wife was ordered to provide health insurance "effective _____," and in the blank space that followed, wrote, "ongoing but see paragraph 21 regarding payment." In paragraph 21 of the support order, the trial court stated:

> Mother does not have insurance for the child available at/below the reasonable cost calculation. The court presumes the child would qualify for Medicaid and is not ordering that she continue to provide private insurance at this time though she may choose to do so. Should the child not qualify, she may bring this issue forward for further consideration.

The mother moved for reconsideration, arguing in part that by ordering her to provide health insurance, the trial court had effectively modified the decree retroactively, which she claimed required the husband to provide both health and dental coverage. She further asserted that the child, in the past, had not qualified for Medicaid, and that the court was "retroactively requir[ing] [her] to apply for Medicaid." The trial court denied the motion, observing that it had not required the mother "to procure retroactive Medicaid," but that it had "stated that it presumed that the child would qualify as [the mother] does not

4

have health insurance available at or below the reasonable medical support calculation," and that it "expected her to reapply for Medicaid now that there is a court order determining her income and calculating the reasonable cost." However, the trial court also struck the preprinted language in paragraph 16A stating that the mother was "ordered" to provide health insurance, and replaced it with language stating that she was "currently carrying" health insurance in order "to make it consistent with the intent of the court as evidenced by the specific language in paragraph 21." This appeal followed.

On appeal, the mother first argues that the trial court erred by "retroactively modifying the father's child support obligation in a manner that altered the health insurance obligation contrary to RSA 461-A:14, VIII and RSA 458-C:7, II and eliminated the arrearages for health insurance premiums." Although the mother acknowledges that she had requested that the trial court modify child support, she asserts that "[n]either party requested modification of the health insurance provisions" of the support order and, thus, that "there was no need for the court to modify those provisions sua sponte," and that, "[e]ven if the [father] had requested such modification, both [a standing order of the 2011 uniform support order] and RSA 461-A:14, VIII precludes the discharge of arrearages, consistent with [our opinion] in White." According to the mother, the trial court, "without any request for modification by the [husband] and without notice to the [wife], retroactively modified his agreement to carry health insurance and retroactively canceled any arrearage attributable to the lapse in coverage all without explanation and in direct violation of RSA 461-A:14, VIII and RSA 458-C:7, II."

The mother's argument requires that we interpret the relevant statutes. We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. White, 170 N.H. at ___, 181 A.3d at 241. In construing a statute, we look first to the language of the statute itself, construing it, to the extent possible, according to its plain and ordinary meaning. Id. We construe all parts of a statute together so as to effectuate its overall purpose and avoid an absurd or unjust result, and consider individual statutory words and phrases within the context of the statute as a whole. Id.

RSA 461-A:14, IX(a) (Supp. 2017) requires the trial court to include in every child support order findings relative to the health insurance and uninsured medical expenses of the child. Under RSA 461-A:14, IX(b) (Supp. 2017), the trial court is required to order a parent to provide private health insurance for a child if it determines that private health insurance "is accessible and is available to either parent at a cost that is at or below the reasonable medical support obligation amount, as established and ordered pursuant to RSA 458-C:3, V." Under RSA 458-C:7, I(a), any party to a child support order may apply to the trial court to modify the order after three years have passed without the need to show a substantial change of circumstances.

5

Here, the trial court found, and the mother does not contest, that private health insurance is not accessible and available to the father at or below the reasonable medical support obligation amount. Moreover, the mother requested that the trial court modify the 2011 uniform support order, and more than three years had passed. Under these circumstances, regardless of whether either party had specifically requested that the trial court modify the health insurance provisions of the 2011 support order, we cannot say that it unsustainably exercised its discretion or erred as a matter of law by doing so.

Nor did the trial court impermissibly cancel or discharge any "arrearage." Under RSA 461-A:14, VIII, "[n]o modification of a support order shall alter any arrearages due prior to the date of filing the motion for modification." Under RSA 458-C:7, II, "[a]ny child support modification shall not be effective prior to the date that notice of the petition for modification has been given to the respondent." "We have held that, pursuant to this provision, the trial court lacks discretion to modify any child support order beyond the date of notice to the other party." White, 170 N.H. at ___, 181 A.3d at 243.

An "arrearage" is "the condition of being in arrears[;] . . . something that remains unpaid and overdue after previous payment of a part." Webster's Third New International Dictionary 121 (unabridged ed. 2002). The plain meaning of "arrears" is "an obligation that has not been met on time or duty that is unfinished . . . : an unpaid and overdue debt." Id. In this case, there was no order obligating the husband to pay the wife any sum of money for health or dental insurance premiums. Indeed, the 2011 support order did not require the husband to provide dental insurance, and the only order specifically ruling upon the wife's request for reimbursement of insurance premiums was the 2014 order, which noted the provision of the 2011 support order obligating the parties to "share the cost of the coverage under New Hampshire Healthy Kids," and provided that the husband was not required to reimburse the wife for private insurance premiums pending a further hearing. Thus, although the husband may have been in contempt of the support order by not providing health insurance, and although the court may have had discretion, in remedying the contempt, to order that he reimburse the wife for health insurance premiums she had paid, there was no "arrearage" to be modified.

The wife next argues that the trial court failed to give "full faith and credit" to a "judgment" for purposes of RSA 461-A:14, VI. RSA 461-A:14, VI provides: "All support payments ordered or administered by the court under this chapter shall be deemed judgments when due and payable. Such judgments shall be given full faith and credit by all jurisdictions of this State." The wife contends that "[r]ather than enforcing the [2011 decree and support order], the trial court retroactively terminated the [husband's] agreed upon obligation to pay for health insurance for the parties' daughter and eliminated the medical arrearage attributed to his failure to maintain the health

6

insurance."  For the reasons stated above, there was no "medical arrearage" that the trial court eliminated.  Nor do we construe the support order as "retroactively" terminating any obligation of the husband.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,
Clerk**