# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0405, <u>In the Matter of Jennifer Milliken and Craig Milliken</u>, the court on October 2, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Craig Milliken (Husband), appeals several decisions made by the Circuit Court (<u>Swegart</u>, J.) related to Husband's divorce from the petitioner, Jennifer Milliken (Wife). We affirm.

The following facts are supported by the record. Husband and Wife are the parents of one child born in September 2016. In June 2021, Wife petitioned for divorce. In July 2022, the parties, by agreement, filed a final divorce decree, a final parenting plan, and a final uniform support order (USO). The proposed USO deviated downward from the statutory guidelines, requiring Husband to pay $300 per month rather than $404 bi-weekly as established by the guidelines. It indicated that the parenting schedule constituted a special circumstance warranting an adjustment from the guidelines.

In August 2022, the circuit court issued an order approving all agreed-upon orders except the proposed USO. The court stated, "Section 6 of the USO indicates only 'parenting schedule' as a statutory basis for downward departure from the guidelines amount" and "NH RSA 458-C requires more than just equal or approximately equal parenting schedule to depart downward." The court ordered that "[t]he parties may re-submit a new USO with statutorily sufficient explanation for a downward departure from guidelines," but if they did not submit a new USO, the court would hold a hearing to address child support. The parties did not move to reconsider the court's order and did not submit an agreed-upon revised USO.

In April 2023, the court held a final hearing on child support. On the same day, Husband filed a motion to modify the parenting plan. At the hearing, Wife argued for a final USO in accordance with the child support guidelines. Husband argued for a downward deviation from the guidelines. The court issued a final USO, in accordance with the child support guidelines, that required Husband to pay $459 bi-weekly. The court denied Husband's motion to modify the parenting plan, in part, for lacking "a statutorily sufficient basis to modify the parenting plan." Husband unsuccessfully moved for reconsideration of the court's rulings on both the USO and the motion to modify the parenting plan. This appeal followed.

On appeal, Husband argues that the trial court erred by: (1) rejecting the parties' proposed July 2022 USO; (2) permitting Wife to argue for child support in line with the child support guidelines when she was bound to the proposed July 2022 USO; (3) determining that Husband's income for child support purposes included overtime; (4) denying Husband's request to deviate from the child support guidelines; and (5) denying Husband's motion to modify the parenting schedule.

We will not disturb the trial court's rulings regarding child support and parenting rights and responsibilities absent an unsustainable exercise of discretion or an error of law. See In the Matter of White & White, 170 N.H. 619, 620 (2018) (regarding child support); In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011) (regarding parenting plans). When determining whether the trial court engaged in a sustainable exercise of discretion, we consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. See Kurowski, 161 N.H. at 585. We review questions of law de novo. See id.

We first address Husband's arguments regarding the proposed July 2022 USO. RSA 458-C:4, IV provides:

> When arrangements for child support are delineated in an agreement between the parties, and not made according to guidelines provided under this chapter, the presiding officer shall determine whether the application of the guidelines would be inappropriate or unjust in such particular case, using the criteria set forth in RSA 458-C:5, and in certifying the agreement shall enter a written finding or a specific finding on the record that the application of the guidelines would be inappropriate or unjust and state the facts supporting such finding.

RSA 458-C:4, IV (2018). RSA 458-C:5, I(h)(1) provides: "Equal or approximately equal parenting residential responsibilities in and of itself shall not eliminate the need for child support and shall not by itself constitute ground for an adjustment." RSA 458-C:5, I(h)(1) (2018) (paragraph I(h) effective until Jan. 1, 2025) (paragraph I(h) amended effective Jan. 1, 2025); see Laws 2024, ch. 140. Although the legislature has amended paragraph I(h), effective January 1, 2025, we decide this case under the version of the statute in effect at the time of the final hearing on child support. Any agreement between parties to reduce court-ordered child support payments, absent a court order approving the agreement, is not enforceable. See In the Matter of Nicholson & Nicholson, 164 N.H. 105, 107 (2012).

In this case, the proposed July 2022 USO deviated downward from the child support guidelines. The trial court rejected the proposed USO, finding that it lacked a sufficient statutory basis to warrant deviating from the guidelines as it only referenced "parenting schedule" as a ground for

2

adjustment. We conclude that in so ruling, the court did not unsustainably exercise its discretion and made no legal error. Under the relevant statutes, the court could not have lawfully approved the proposed USO as written. See RSA 458-C:4, IV; RSA 458-C:5, I(h)(1). The fact that the parties agreed on a downward deviation from the guidelines was not, standing alone, sufficient for the court to approve the proposal. In the Matter of Laura & Scott, 161 N.H. 333, 337 (2010) ("It is the duty of the court to enter such support orders as it believes to be in the best interests of the children, and it is a responsibility that cannot be delegated or abrogated by agreement of the parties." (quotation and brackets omitted)).

The court invited the parties to submit a revised USO with sufficient statutory justification for deviating from the child support guidelines. As noted above, the parties did not submit a revised USO. Once the court rejected the proposed July 2022 USO, the agreement became unenforceable and was not binding on Wife. See Nicholson, 164 N.H. at 107. In these circumstances, we conclude that the court did not err in permitting Wife to subsequently argue for a USO in accordance with the guidelines.

Husband's remaining arguments on appeal challenge the trial court's exercise of its discretion when it: (1) included Husband's overtime income in calculating his child support obligation; (2) declined to deviate from the child support guidelines in the final USO; and (3) denied Husband's motion to modify the parenting plan. Upon reviewing the parties' written arguments, and the record, we conclude that the trial court did not unsustainably exercise its discretion in reaching these decisions.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., did not participate in the final vote.

**Timothy A. Gudas,**
**Clerk**

3